IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ELIZABETH STRICKLIN, formerly known
as ELIZABETH NOFFSINGER, on behalf of
herself and others similarly situated,**

    **Plaintiff,**

v.                                     No. 11-cv-201-DRH

**JEFFERSON CAPITAL SYSTEMS, LLC,**
A Georgia Limited Liability Company,

    **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court are defendant Jefferson Capital Systems, LLC's motion to dismiss (Doc. 13) and plaintiff Elizabeth Stricklin's cross-motion for summary judgment (Doc. 17). For the following reasons, defendant's motion to dismiss is DENIED. Further, plaintiff's cross-motion for summary judgment is DENIED.

### Introduction and Background

On March 15, 2011, plaintiff filed a class action complaint alleging on behalf of herself and other similarly situated consumers[1] that defendant violated various provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §

---

[1] The Court notes plaintiff's motion for class certification shall be filed by September 14, 2012 (*See* Doc. 19-1).

1692 *et seq.* (*See* Doc. 2). Defendant is a debt collector. Defendant allegedly attempted to initiate recovery of a consumer debt from plaintiff on or about September 13, 2010. Plaintiff alleges defendant sent a "collection letter" to plaintiff "deceptively titled" as "Privacy Notice" (Doc. 2, p. 3). The Letter bears plaintiff's name, address, and the account reference number of the debt. It indisputably states,

> Dear Customer:
>
> We recognize our obligation to keep information about you secure and confidential. The Jefferson Capital Privacy Policy covers the collection, use, and disclosure of personal information that may be collected by Jefferson Capital. Please take a moment to read the following to learn more about how information is gathered and to whom we disclose the information, and how we safeguard your personal information.
>
> **PRIVACY NOTICE**
>
> We, Jefferson Capital Systems, LLC, provide this notice to you as required by Federal law. We may collect nonpublic personal information about you as permitted by law from:
>
> - Your transactions with us;
> - Prior owners of your account;
> - Consumer reporting agencies;
> - Our website when you use it; and
> - Applications or other forms that you provide to us.
>
> Without your prior consent, we will not communicate with any person other than (to the extent not otherwise prohibited by law) you, your spouse or your personal representative (such as your attorney) in connection with the collection of any debt that we are asked to collect, except as necessary to acquire location information.
>
> We may disclose nonpublic personal information about you to the extent that it is: (a) specifically directed by you; (b) permitted by the Gramm-Leach-Bliley Act (such as to service and maintain your

account); and (c) not prohibited by other applicable law, including, but not limited to, the Fair Debt Collection Practices Act.

We restrict access to nonpublic personal information about you to employees who need to know that information to provide services to you.

We maintain physical, electronic and procedural safeguards that comply with federal laws to guard your nonpublic personal information.

Please include your JCS Reference Number on correspondence

Sincerely,

JEFFERSON CAPITAL SYSTEMS, LLC

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

(Doc. 17-1, p. 2).

Further, the reverse side of the letter states, "[y]ou have the right to ask us to stop communicating with you about this debt." It also recites relevant FDCPA provisions. Specifically, it states defendant complies with the FDCPA as its collectors "may not contact [debtor] before 8:00 a.m. or after 9:00 p.m.[,] . . . may not harass [debtor] by using threats of violence or arrest[, and] . . . may not use false or misleading statements." Moreover, it states, "[f]or more information about debt collection activities or to contact the FTC about the way [defendant is] collecting this debt, please contact the FTC." (Doc. 17-1, p. 3).

Plaintiff received no further communications from defendant. Plaintiff states this letter constitutes an "initial communication" related to the collection of a debt that requires certain disclosures under the FDCPA. Specifically, plaintiff contends the letter "withheld the identity of the creditor, and threatened to collect

and disseminate [p]laintiff's 'nonpublic personal information' in an effort to bait [p]laintiff into contacting [d]efendant about the [d]ebt." Further, plaintiff argues defendant failed to advise her of the ability to dispute the debt, that the letter was an attempt to collect a debt, that verification of the debt was available to her, and of the debt's general characteristics (Doc. 2, p. 3).

Thus, plaintiff alleges defendant violated 15 U.S.C. §§ 1692(d)-(g) as its "failure to identify the creditor," "to provide the validation disclosures" the FDCPA requires, and its "mischaracterization of the amount owed," demonstrate "a willful and intentional scheme to deceive" that "constitutes wanton disregard for the rights of [p]laintiff and the class" (Doc. 2, p. 7).

Defendant responded to plaintiff's allegations through its instant motion to dismiss filed on April 20, 2011 (Doc. 13). Defendant alleges the letter is not a "collection letter" subject to the FDCPA, but a "privacy notice" required of financial institutions under the Gramm-Leach-Bliley Act (GLBA), 15 U.S.C, § 6801 *et seq*. (*See* Doc. 13, p. 1). Defendant states it acquired plaintiff's $230.00 debt originally owed Sprint in October 2008, and placed it unsuccessfully with a series of third-party collection agencies. Defendant stresses it did not engage in any "direct collection efforts" with plaintiff; i.e., it "never made any phone calls to plaintiff and never sent any collection letters" (Doc. 13, p. 2).

Defendant contends the letter is not an "initial communication" of debt collection triggering the obligations of the FDCPA as "[o]ther than reciting the account number, there is no reference to or identification of the debt itself, no

demand for payment, nor even a current balance" (Doc. 13, p. 2). In fact, defendant states that as it is a privacy notice, the FDCPA specifically exempts the letter from treatment "as an initial communication in connection with debt collection" (Doc. 13, p. 4) (quoting 15 U.S.C. § 1692g(e)).

On May 19, 2011, plaintiff responded to defendant's motion and filed a cross-motion for summary judgment for violation of 15 U.S.C. § 1692j(a) (Doc. 17). The basis of the cross- motion for summary judgment is an affidavit defendant attached to its motion to dismiss (*See* Doc. 17) (citing Doc. 13-1). The affidavit is of an authorized representative of defendant stating defendant did not engage in direct collection efforts of plaintiff's debt. Plaintiff contends the affidavit admits the necessary elements of a prima facie 15 U.S.C. § 1692j(a) claim (Doc. 17, pp. 2, 13-15). Further, as plaintiff bases its cross-motion for summary judgment on an affidavit attached to defendant's motion to dismiss, plaintiff argues the Court must convert defendant's motion to dismiss to a motion for summary judgment (Doc. 17, p. 3).

On June 23, 2011,[2] defendant responded to plaintiff's cross-motion for summary judgment (Doc. 20). Defendant argues the Court should not reach the merits of plaintiff's cross-motion for summary judgment on a 15 U.S.C. § 1692j(a) violation, as the complaint does not give notice of such a claim. Alternatively,

---

[2] The Court notes defendant did not timely respond to plaintiff's cross-motion for summary judgment. *See* SDIL-LR 5.1(c), 7.1(c) (Plaintiff filed her cross-motion on May 19, 2011. Thus, defendant's response was due June 21, 2011.). However, plaintiff did not object to the untimely filing. Moreover, for reasons discussed herein, the Court does not reach the merits of plaintiff's cross-motion for summary judgment. Thus, the Court will consider defendant's response in its limited relevant capacity.

defendant argues it has not violated 15 U.S.C. § 1692j(a) as that section contemplates deceptive actions of creditors; not debt collectors (*See* Doc. 20).

**Law and Application**

I. **Preliminary Matter**

a. **The Court Need not Convert Defendant's Motion to Dismiss**

Plaintiff argues that as defendant attached an affidavit of its authorized representative, the Court must treat its motion to dismiss as a motion for summary judgment under FEDERAL RULE OF CIVIL PROCEDURE 56(c) (Doc. 17, pp. 2-3) (citing Doc. 13-1). Defendant argues as the letter is central to plaintiff's claims, defendant's attachment of a template copy of the letter and an affidavit explaining the template was sent to plaintiff does not necessitate conversion of its motion (Doc. 13, p. 2 n. 1).

FEDERAL RULE OF CIVIL PROCEDURE 12(d) states, "[i]f, on a motion under RULE 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under RULE 56." However, a "narrow exception" exists, as under RULE 10(c), "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 778 (7th Cir. 2007) (citing *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.,* 417 F.3d 727, 731 n. 3 (7th Cir. 2005) (citing Fed.R.Civ.P. 10(c))).

The letter at issue is indisputably central to plaintiff's claims. Every allegation stems from defendant's alleged conveyance of it to plaintiff. However, plaintiff did not attach a copy of the letter to her complaint. Thus, defendant attached a template copy of the letter to its motion to dismiss. Presumably, defendant felt an affidavit of its authorized representative necessary to explain the attached template is identical in all material respects to the letter sent plaintiff. Notably, plaintiff attached a copy of the original letter, which is identical in all material respects to the template,[3] to her response and cross-motion (*See* Doc. 17-1). Therefore, the Court finds reliance on the affidavit unnecessary. To that extent, the template is similarly unnecessary. Thus, the Court will not convert defendant's motion to dismiss to a motion for summary judgment as the template letter is referenced in plaintiff's complaint, is central to her claims, and plaintiff attached the original letter to her response and cross-motion.

## II. Defendant's Motion to Dismiss is Denied

### a. Legal Standards

#### i. Failure to State a Claim

FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires plaintiff provide a "short and plain statement of the claim showing that [she] is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[3] The Court notes the only relevant difference between the two documents is the original letter bears plaintiff's name, address, and account number; defendant's template copy does not. (Doc. 13-2; Doc. 17-1).

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, as the Court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor," the Court's analysis rests on the facts alleged in the complaint. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

### ii. Relevant FDCPA Provisions

The FDCPA generally prohibits "debt collectors" from engaging in abusive, deceptive, or unfair debt-collection practices. *See* 15 U.S.C. § 1692 *et seq*. Specifically, it prohibits debt collectors from engaging in harassing, oppressive, or abusive measures to collect a debt, *id.* § 1692d, and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt. *Id.* §§ 1692e, 1692f. Notably, as most pertinent to plaintiff's allegations, the FDCPA also requires:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>   (1) the amount of the debt;
>   (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Id.* § 1692g(a)(1)-(5). However, the FDCPA exempts,

> The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986, chapter 94 of this title [15 U.S.C.A. § 6801 *et seq.*], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

*Id.* § 1692g(e).

The FDCPA does not apply unless two threshold requirements are satisfied. First, the defendant must qualify as a "debt collector," defined as,

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*Id.* § 1692a(6). Neither party disputes defendant is a "debt collector" (*See* Doc. 2, p. 2; Doc. 13).

Second, the debt collector must have made the communication "in connection with the collection of any debt." *Id.* §§ 1692c(a)-(b), 1692e, 1692g.

Thus, defendant's motion turns on whether the letter, deemed a "collection letter" by plaintiff and a "privacy notice" as required under the GLBA and exempted under the FDCPA by defendant, constitutes a communication made "in connection with the collection of any debt" as defined under the FDCPA.

### iii. Communication Made in Connection With the Collection of any Debt

Defendant's sole contention is that the letter is not within the purview of the FDCPA as a matter of law as it is a privacy notice required under the GLBA; thus, exempted under the FDCPA. Therefore, defendant argues plaintiff's claims fail as a matter of law as she has not met her threshold burden of demonstrating the communication is within the FDCPA's coverage. However, despite its title of "privacy notice," the relevant inquiry is whether the letter was sent in "relat[ion] to the collection of a debt." *See id* § 1692g(e). Thus, the Court must look to relevant Seventh Circuit precedent to determine whether defendant sent the letter "in connection with the collection of any debt." *See id* §§ 1692c(a)-(b), 1692e, 1692g.

The Seventh Circuit has not established a bright line rule to determine whether a debt collector has made a communication in connection with debt collection under the FDCPA. However, four Seventh Circuit cases provide relevant instruction.

In *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384 (7th Cir. 1998), a mortgage servicer sent a letter to a delinquent debtor listing its next payments due to the original creditor. The letter expressed a willingness to "work with" the

debtor in resolution of its delinquency. *Id.* at 386. In affirming the district court's grant of summary judgment to the debt collector defendants, the Seventh Circuit held the letter did not qualify as a communication in connection with debt collection. The fact the letter did not demand payment and did not otherwise attempt to collect the debt, despite its warning that delinquent payment could trigger an obligation to pay the entirety of the loan immediately, were determinative to the court's holding. Opposed to a communication sent in connection with the collection of any debt, the court deemed the letter a mere description of the status of the debtor's account. *Id.* at 388-89. Thus, *Bailey* demonstrates the FDCPA does not apply to every communication between a debt collector and debtor.

However, as the Seventh Circuit has since clarified, the absence of a demand for payment is not dispositive of whether the debt collector made the communication in connection to debt collection. *See Horkey v. J.V.D.B. & Assoc., Inc.,* 333 F.3d 769 (7th Cir. 2003). In *Horkey*, the debtor received a phone call from the debt collector at work, advised the debt collector she could not talk about the debt at that time, and hung up the phone. Changing tactics, the debt collector then called the debtor's co-worker and asked him to tell the debtor "to quit being such a [expletive] bi\*\*." *Id.* at 772. In concluding the FDCPA applied to the phone call, the court looked to its intent. Although the caller made no demand for payment, the debt collector specifically intended the call to induce the debtor to settle her debt; thus, it triggered the FDCPA. *Id.* at 774.

The Seventh Circuit further refined the relevant inquiry in *Ruth v. Triumph P'ships*, 577 F.3d 790 (7th Cir. 2009). In *Ruth,* a debt collector sent both a collection letter and a privacy notice in the same envelope to a debtor. Similarly arguing as defendant in the instant motion, the debt collector in *Ruth* contended the privacy notice fell outside the FDCPA, although the collection letter indisputably fell within the scope of the FDCPA. The court found both documents constituted communication made in connection to debt collection as 1) the only relationship between the parties arose from their status as debtor and debt collector, and 2) the debt collector sent the privacy notice in the same envelope as the collection letter. *Id.* at 798-99. Thus, *Ruth* illustrates the relationship among the parties is also a factor determinative of whether a communication falls within the scope of the FDCPA. Importantly, *Ruth*, in reversing and remanding the district court's grant of summary judgment for the debt collector defendants, also clarified the standard for evaluating whether a debt collector made a communication in connection with the collection of debt is an objective one. Therefore, the question is whether an unsophisticated, but reasonable consumer would believe the debt collector sent the communication in connection with the collection of a debt. *Id.* at 798.

Most recently, in *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380 (7th Cir. 2010), the Seventh Circuit stressed again that a demand for payment is not in itself determinative of whether a debt collector made a communication in connection to debt collection. The debtor at issue was in default on her mortgage

loan. The loan servicer sent her three letters offering to discuss "foreclosure alternatives" and asking for financial information to initiate this process. In reversing the district court's grant of the loan servicer defendant's motion to dismiss, the *Gburek* Court determined a loan servicer made numerous communications with a debtor in connection with debt collection, as it intended the communications to cause the debtor to settle or discuss the debt. *Id.* at 384-86 (citing *Horkey*, 333 F.3d at 772-74; *Ruth*, 577 F.3d at 798-99). Thus, the Seventh Circuit has clearly emphasized the relationship of the parties, the intent of the communication, as well as demand for payment, determine whether a communication falls within the scope of the FDCPA.

### b. Application

In light of the relevant Seventh Circuit precedent, the Court cannot determine, as a matter of law, the letter is not a communication in connection with debt collection. Although an admittedly close determination, the pertinent factors require factual inquiry improper for resolution on the pleadings. The Court cannot find, as a matter of law, defendant did not make the communication intending to induce plaintiff to discuss or settle the debt.

Concededly, as defendant stresses, the letter does not demand payment, discuss specifics of the underlying debt, or even state the current balance of the debt. Moreover, as defendant argues, the letter's overriding intent is seemingly to notify the reader of relevant privacy laws. However, as *Ruth* demonstrates, the fact the letter is a privacy notice does not, as a matter of law, eliminate its status

as a communication made in connection with debt collection under the FDCPA. Further, despite a letter's overriding intent of notification of privacy rights, it could also have the effect of leading an unsophisticated, but reasonable consumer to believe the debt collector sent the communication in connection with the collection of a debt. *Ruth*, 577 F.3d at 798. The Court notes these effects are not mutually exclusive as a matter of law.

Moreover, although the Court finds the factual scenario at issue most similar to *Bailey*, as defendant did not make a demand for payment nor otherwise attempt to collect the debt, as the instant motion is not for summary judgment but to dismiss the complaint for failure to state a claim, its holding is not entirely applicable. A number of the relevant factors point to denial of defendant's motion at this stage in the proceedings. Importantly, the relationship of the parties is solely that of debtor and debt collector. The letter states, "[y]ou have the right to ask us to stop communicating with you about this debt" (Doc. 17-1, p. 3).[4] It further states, "[f]or more information about debt collection activities or to contact the FTC about the way [defendant is] collecting this debt, please contact the FTC" (Doc. 17-1, p. 3). Moreover, the letter states in bold, "[t]his communication is from a debt collector" (Doc. 17-1, p. 2).

Thus, accepting as true the well-pleaded facts, the Court cannot determine, as a matter of law, an unsophisticated, but reasonable consumer would not

---

[4] However, the Court notes the fact the letter cites relevant FDCPA provisions non-determinative of its status as a communication made in connection with debt collection under the FDCPA. The mere fact the letter references the FDCPA cannot expand the scope of the Act to include a communication that would not be within its scope otherwise.

believe the debt collector sent the communication in connection with the collection of a debt. Therefore, as defendant's sole contention is that plaintiff has not met her initial burden of demonstrating the FDCPA covers the communication at issue, the Court DENIES defendant's motion (Doc. 13).

### III. Plaintiff's Motion for Summary Judgment is Denied

In plaintiff's response to defendant's motion, she motions for summary judgment against defendant on a claim for violation of 15 U.S.C. § 1692j(a) (Doc. 17, p. 2). Under 15 U.S.C. § 1692j(a),

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

Plaintiff relies on the affidavit of an authorized representative of defendant attached to defendant's motion to dismiss as the basis of plaintiff's motion. As the authorized representative states defendant did not directly engage in debt collection efforts of plaintiff's debt, plaintiff presumably argues defendant furnished it a form knowing it would create the false belief a person other than the creditor was participating in a debt collection attempt (Doc. 13-1).[5]

In defendant's response to plaintiff's motion, it argues the Court should not address plaintiff's motion at this time as her complaint does not allege a claim for

---

[5] The Court previously stated it disregards the affidavit of defendant's authorized representative as it is superfluous due to plaintiff's attachment of the original letter to its response to defendant's motion to dismiss (*See* Doc. 17-1). Thus, this offers further support for the Court to deny plaintiff's motion, as the affidavit serving as the basis for her motion is similarly not before the Court.

violation of 15 U.S.C. § 1692j(a). Further, defendant explains 15 U.S.C. § 1692j(a) addresses a practice known as "flat-rating." A debt collector engages in "flat-rating" when it provides a form to a creditor that falsely suggests to the debtor that a third-party debt collector is involved in the collection of its debt. A creditor pays a flat rate for these forms. Thus, a creditor enjoys the persuasive benefits of a debtor's belief that a third party is involved when in fact one is not, for a fraction of the cost of employing a third party debt collector. *See White v. Goodman*, 200 F.3d 1016, 1018 (7th Cir. 2000). Thus, defendant contends 15 U.S.C. § 1692j(a) is not applicable, as defendant, a debt collector, has not provided forms to a creditor.

FEDERAL RULE OF CIVIL PROCEDURE 56(A) states, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." However, in the Seventh Circuit, plaintiffs cannot amend complaints through a motion for summary judgment where the allegations of the complaint do not give the defendant notice of the claim at issue. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holing complaint may not be amended by briefs in opposition to a motion to dismiss).

Without addressing defendant's relevant inquiry of what creditor plaintiff contends defendant provided with a form, the Court finds plaintiff's motion is not properly before the Court. Plaintiff's complaint does not provide defendant notice of a violation of 15 U.S.C. § 1692j(a). The complaint alleges violations of 15

U.S.C. §§ 1692(d)-(g); provisions describing conduct inapplicable to 15 U.S.C. § 1692j(a). Thus, the Court DENIES plaintiff's motion for summary judgment without prejudice as it is not properly before the Court (Doc. 17).

## Conclusion

For the foregoing reasons, the Court **DENIES** defendant's motion to dismiss (Doc. 13). Plaintiff's cross-motion for summary judgment is **DENIED without prejudice** (Doc. 17).

**IT IS SO ORDERED.**

Signed this 3rd day of November, 2011.

Digitally signed by David R. Herndon
Date: 2011.11.03 13:14:35 -05'00'

**Chief Judge**
**United States District Court**